UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY LYNCH,<br><br>    Plaintiff,<br><br>    v.<br><br>DEMOTTE STATE BANK and CHICAGO TITLE COMPANY, LLC,<br><br>    Defendants. | CAUSE NO.: 2:19-CV-162-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Chicago Title Company, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 55]. For the reasons set forth below, the Court grants the motion.

**PROCEDURAL BACKGROUND**

On May 3, 2019, Plaintiff Kathy Lynch filed a pro se Complaint [ECF No. 1] with no exhibits attached. The Complaint concerns certain real estate alleged in paragraph 3 to be owned by the Plaintiff and commonly known as 937 S. Baums Bridge Road, Kouts, IN 46347 (Subject Property). Compl. ¶ 3, ECF No. 1. The only specific allegation against Defendant Chicago Title Company, LLC (Chicago Title) is the assertion in paragraph 5 that Chicago Title "claims an interest adverse to the right, title, and interests of Plaintiff in the Subject Property." *Id.* at ¶ 5. The only other reference to Chicago Title is in paragraph 10: "On or about February 2, 2016, Demotte [State Bank] issued a loan payoff statement to Chicago Title, claiming the unpaid principle [sic] balance on the Loan was 'net proceeds,' when in actuality, the payoff should have been less than $25,000." *Id.* at ¶ 10.

On July 3, 2019, Chicago Title filed a Disclaimer of Interest and Motion to Dismiss [ECF No. 18], in which Chicago Title "disclaims any and all title, lien, or interest in the real estate that is the subject of this lawsuit." Following several motions and rulings, on May 27, 2020, the

Plaintiff's Second Amended Complaint [ECF No. 49] was filed with no relevant substantive changes and again with no exhibits. Chicago Title's original motion to dismiss was denied without prejudice and with leave to refile. *See* ECF No. 41. On June 19, 2020, Chicago Title filed the instant Motion to Dismiss [ECF No. 55], which is fully briefed and ripe for ruling.

## MOTION TO DISMISS STANDARD

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). Chicago Title attached to its motion numerous state court and federal bankruptcy court dockets and filings. *See* ECF Nos. 56-1 through 56-9. The Court takes

judicial notice of these documents and considers these public records to the extent they show that the proceedings occurred and the fact of the representations made therein. *See* Fed. R. Evid. 201; *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

## ANALYSIS

This case concerns real estate alleged to be owned by the Plaintiff in Kouts, Indiana, that was the subject of a mortgage foreclosure action brought by Defendant DeMotte State Bank (DeMotte). In the instant motion, Defendant Chicago Title seeks dismissal for failure to state a claim under Rule 12(b)(6) on the basis that it claims no right to any title, lien, or interest in the Subject Property and because the Plaintiff has failed to allege any plausible claim against it. Chicago Title asserts that it does not know why the Plaintiff has named it in this lawsuit, and the Plaintiff has not provided any clarification in her response brief.

**A.     Chicago Title Claims No Title, Lien, or Interest in the Subject Property**

First, the Plaintiff has offered no response to Chicago Title's assertion that it claims no title, lien, or interest in the real estate that is the subject of the lawsuit. The only specific allegation in the Complaint against Chicago Title is the general statement that Chicago Title "claims an interest adverse to the right, title, and interests of Plaintiff in the Subject Property." Second Am. Compl. ¶ 5, ECF No. 49. Chicago Title notes that the Plaintiff makes the same allegation against co-Defendant DeMotte. *See id.* at ¶ 4. The Plaintiff then makes specific factual allegations related to DeMotte, including that DeMotte is the servicer of a mortgage loan to the Plaintiff secured by the Subject Property. *Id.* at ¶ 6. The Plaintiff alleges that she was a debtor in a chapter 13 bankruptcy in the United State Bankruptcy Court for the Northern District of Indiana, *id.* at ¶¶ 7–9, 19, 20, 38(a)–(c), 45(a)–(c), and that DeMotte foreclosed the loan against the Subject Property in the Porter County, Indiana, Superior Court based upon an incorrect loan balance, *id.* at ¶¶ 12–14, 25, 41, 48.

3

In contrast, there are no factual allegations to support any such claim of interest by Chicago Title. In fact, shortly after the Complaint was filed, Chicago Title filed a Disclaimer of Interest, which provides in full:

> Defendant Chicago Title is a title company, not a bank, mortgage company, or loan servicer, and neither owns nor claims any title, lien, or interest in or to the Subject Property. Chicago Title hereby disclaims any and all title, lien, or interest in the real estate that is the subject of this lawsuit.

Disclaimer ¶ 4, ECF No. 18. Although the Plaintiff subsequently amended her Complaint twice, she has not alleged any facts to support the bald allegation in paragraph 5 of the Second Amended Complaint of any such claim of interest by Chicago Title in the Subject Property.

In support of the instant motion, Chicago Title attaches the docket report for the mortgage foreclosure action by DeMotte referenced in paragraph 12 of the Second Amended Complaint to show that it is not a party to that state court action. *See* Def. Ex. 1, ECF No. 56-1. Chicago Title also cites the Plaintiff's three separate chapter 13 bankruptcies filed in 2011, 2016, and 2017, including her 2011 bankruptcy case referenced in paragraph 7 of the Second Amended Complaint. *See* Def. Exs. 2–9, ECF Nos. 56-2 through 56-9. Nowhere in the three bankruptcy cases did the Plaintiff schedule or otherwise disclose the existence of any of the claims against Chicago Title alleged in the Second Amended Complaint. Chicago Title is not identified in the Statement of Financial Affairs or Schedules in any of the three cases. *See* Def. Exs. 3, 4, 6, 8, 9. Chicago Title was not a party to any of the three bankruptcies. *See* Def. Ex 2, 5, 7. In each case, the Plaintiff listed the Subject Property as an asset in Schedule A of her sworn schedules. *See* Def. Exs. 3, 4, 6, 8, 9. However, the Plaintiff did not list Chicago Title as a secured creditor in Schedule D or as an unsecured creditor in Schedule F of her sworn schedules. *See* Def. Exs. 3, 4, 6, 8. The Plaintiff also did not disclose the alleged claim against Chicago Title brought in this lawsuit as an asset in Schedule B of her sworn schedules in the bankruptcy cases. *See* Def. Exs. 3 (item 21), 4 (same), 6 (item 33), 8 (same), 9 (same). The Plaintiff's three bankruptcy cases were

dismissed on May 5, 2014, January 4, 2017, and November 15, 2019, respectively, on motion of the trustee because of the Plaintiff's failure to make plan payments. Def. Ex. 2, 5, 7.

These public records demonstrate that the Plaintiff's own public bankruptcy filings, each signed by the Plaintiff under the penalties of perjury, consistently contradict the unsupported allegation in the Second Amended Complaint that Chicago Title "claims an interest adverse to the right, title, and interest of Plaintiff in the Subject Property." In her response brief, the Plaintiff does not address this argument and, thus, offers no facts to show how Chicago Title allegedly claims an interest in the Subject Property adverse to that of the Plaintiff. She thus appears to concede that Chicago Title does not claim any such interest in the Subject Property.

**B.      Failure to State a Claim**

*1.      Counts 1 and 2—Federal Law Claims*

Chicago Title seeks dismissal of Counts 1 and 2 on the basis that the claims only seek relief against DeMotte and fail to seek any relief against Chicago Title. Count 1 alleges a violation of 12 C.F.R. § 1024.36, which addresses consumer requests for information under the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605, and Count 2 alleges a violation of 12 U.S.C. § 2605(e). Although there is no prayer for relief in Count 1, on its face, it seeks relief only against DeMotte. *See* Second Am. Compl. ¶¶ 17–25. As for Count 2, the prayer for relief expressly seeks relief only against DeMotte. *See id.* at ¶¶ 26–33.

Other than paragraph 5, discussed above, the only other paragraphs of the Second Amended Complaint that could possibly pertain to Chicago Title are paragraphs 10, 16, and 24. Paragraph 10 alleges: "On or about February 2, 2016, Demotte issued a loan payoff statement to Chicago Title, claiming the unpaid principle [sic] balance on the Loan was 'net proceeds,' when in actuality, the payoff should have been less than $25,000." *Id.* at ¶ 10. However, the Plaintiff has not alleged any facts and has offered no law or argument that would make Chicago Title liable for DeMotte allegedly issuing a payoff statement, whether or not correct, to Chicago Title. Paragraphs 16 and 24 each allege: "Plaintiff has requested full payment ledgers from Defendants

5

regarding funds paid towards the Loan. To date, Defendants have failed to provide such payment ledgers." *Id.* at ¶¶ 16, 24. The Plaintiff has identified no basis for Chicago Title to be liable to the Plaintiff for allegedly failing to provide any payment ledgers to the Plaintiff regarding funds paid toward the Loan, even if it were true that the Plaintiff requested such payment ledgers from Chicago Title. As set forth in the previous section, there are no allegations that Chicago Title is the holder or owner of any note or mortgage against the Subject Property; Chicago Title has expressly disclaimed any such right, title, or interest in the Subject Property; and the court records of the mortgage foreclosure action and the Plaintiff's three bankruptcies controvert any such assertion.

The Plaintiff's only response in support of these claims is to assert for the first time in her response brief that she is alleging that Chicago Title and DeMotte acted jointly and in concert "to conceal the funds" she paid toward the unpaid principal on the loan. However, the plain language of Counts 1 and 2 do not bring any such claim of working in concert, and the Plaintiff's response brief identifies no facts in support of this new, bald allegation. For example, Count 1 alleges that the Plaintiff suffered damages because of the "negligence and carelessness of Defendants," Second Am. Compl. ¶ 25, and there are no allegations of the Defendants working together. Count 2 expressly seeks relief only against DeMotte, and there are no allegations of the Defendants working together. The Court grants Chicago Title's Motion to Dismiss Counts 1 and 2 for failure to state a claim.

2.   *Counts 3 and 4—Indiana State Law Claims*

"When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to [28 U.S.C.] § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). While the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am.,*

*Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co., Inc.*, 672 F.3d at 479 (quotation marks and citation omitted). Nevertheless, "'judicial economy, convenience, fairness and comity may point to federal retention of state-law claims . . . when it is absolutely clear how the pendent claims can be decided.'" *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 461 (7th Cir. 2020) (quoting *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994)).

Here, the Court retains jurisdiction to decide the motion on the pendent state law claims because Counts 3 and 4 both fail to allege any facts related to Chicago Title. First, as noted by Chicago Title, although paragraphs 8, 14, 15, 19, 23, 29, 38(a), and 45(a) refer to attached exhibits, the Plaintiff did not attach any exhibits to her complaints. Second, the Plaintiff has failed to allege facts in support of these fraud claims against Chicago Title with the specificity required by Rule 9(b).

Claims of fraud are subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires the plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The "precise level of particularity required under Rule 9(b) depends upon the facts of the case," but the pleadings generally should describe "the who, what, when, where, and how of the fraud." *Camasta*, 761 F.3d at 737; *see United States ex rel. Prose v. Molina Healthcare of Ill., Inc.*, 17 F.4th 732, 739 (7th Cir. 2021). "This requirement includes the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (internal quotation marks and citation omitted). "[I]n a case involving multiple defendants, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *Rocha*, 826 F.3d at 911 (internal quotation marks and citation omitted).

7

Count 3, titled "Fraud," includes repeated allegations that "Defendants" affirmatively misrepresented material facts. *See* Second Am. Compl. at ¶¶ 37–41. In her response brief, the Plaintiff argues that the general principles of Rule 9(b) vary from case to case and asserts generally that she has pled sufficient facts to put Chicago Title on notice of the claim of fraud against it in Count 3. The Court disagrees. There are simply no factual allegations of any specific conduct by Chicago Title in Count 3. Nor has the Plaintiff alleged any dealings with Chicago Title on which a claim of fraud might be based. Her response brief does not cure her failure to allege facts informing Chicago Title separately of the nature of its alleged participation in the fraud. *See Rocha*, 826 F.3d at 911.

Similarly, Count 4, which is brought under the Indiana Deceptive Consumer Sales Act, Indiana Code § 24-5-0.5-1, et seq., alleges that "Defendants" "made misrepresentations and deceptive omissions of material fact." Second Am. Compl. at ¶¶ 44–47. Thus, it appears that the Plaintiff is alleging "incurable" deceptive acts, which are defined as "a deceptive act done by a supplier as part of a scheme, artifice, or device with intent to defraud or mislead." Ind. Code § 24-5-0.5-2(8); *see Reger v. Arizona RV Ctrs., LLC*, No. 3:16-CV-778, 2017 WL 3593822, at *4 (N.D. Ind. Aug. 21, 2017). An incurable deceptive act requires a showing of fraud and, thus, must be pled with particularity. *See* Fed. R. Civ. P. 9(b); *Reger*, 2017 WL 3593822, at *4; *see also McKinney v. State*, 693 N.E.2d 65, 71–72 (Ind. 1998). Count 4 contains no allegations specifically against Chicago Title, and the Plaintiff offers no response in support of Count 4. The Court grants Chicago Title's Motion to Dismiss Counts 3 and 4 for failure to state a claim.[1]

### C. Request to Amend and Dismissal with Prejudice

Finally, the Plaintiff generally requests leave to file an amended pleading to address any deficiencies in light of her pro se status. Although Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely grant leave to amend a pleading "when justice so requires,"

---

[1] Because the Court is dismissing all claims under Rule 12(b)(6), the Court declines to consider Chicago Title's alternative arguments for dismissal based on judicial estoppel and on failure to prosecute under Federal Rule of Civil Procedure 41(b).

Fed. R. Civ. P. 15(a)(2), district courts "have 'broad discretion' to deny leave to amend, 'where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile,'" *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). The Court has already afforded the Plaintiff two opportunities to file an amended complaint after Chicago Title filed is original motion to dismiss for failure to state a claim. Yet, the Plaintiff did not cure any of the deficiencies identified in the motion. The Plaintiff states that she "is easily capable of amending [her] Complaint to remedy any deficiencies identified by the Court," Pl. Resp. 7, ECF No. 61, but she does not offer any facts in her response to show that she would be able to cure the deficiencies. Because any amendment would be futile, the Court denies the request for leave to amend and finds that dismissal with prejudice is proper. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing.").

## CONCLUSION

Accordingly, the Court hereby GRANTS Chicago Title Company, LLC's Motion to Dismiss Plaintiff's Second Amended Complaint [ECF No. 55]. The Court DISMISSES with prejudice the Second Amended Complaint against Defendant Chicago Title Company.

SO ORDERED on September 19, 2022.

                                          s/ Theresa L. Springmann
                                          JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT