UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KATHY LYNCH,<br><br>Plaintiff,<br><br>v.<br><br>DEMOTTE STATE BANK and CHICAGO TITLE COMPANY, LLC,<br><br>Defendants. | CAUSE NO.: 2:19-CV-162-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant DeMotte State Bank's Motion to Dismiss Second Amended Complaint [ECF No. 52]. For the reasons set forth below, the Court grants the motion as to the federal RESPA claims in Counts 1 and 2 and relinquishes jurisdiction over the Indiana state law claims in Counts 3 and 4.

**MOTION TO DISMISS STANDARD**

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)). Defendant DeMotte State Bank (DeMotte) asks the Court to take judicial notice of the public records in Plaintiff Kathy Lynch's bankruptcy cases in Cause Numbers 11-20357 and 17-22875 filed in the United States Bankruptcy Court for the Northern District of Indiana as well as the foreclosure proceeding filed by DeMotte in the Porter County, Indiana, Superior Court.[1] The Court takes judicial notice of these public records to the extent they show that the proceedings occurred and the fact of the representations made therein. *See* Fed. R. Evid. 201; *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

## FACTUAL AND PROCEDURAL BACKGROUND

The Complaint in this case concerns certain real estate alleged to be owned by the Plaintiff and commonly known as 937 S. Baums Bridge Road, Kouts, IN 46347 (Subject Property). *See* Compl. ¶ 3, ECF No. 1. The Plaintiff was the borrower of a loan secured by the Subject Property, and DeMotte was the servicer of the loan. *Id*. at ¶ 6.

In 2011, 2016, and 2017, the Plaintiff filed separate Chapter 13 bankruptcy cases in the United States Bankruptcy Court for the Northern District of Indiana, all of which were dismissed. *Id*. at ¶ 7; *see also* ECF No. 56-2, 56-5, 56-7. On July 6, 2016, DeMotte commenced a foreclosure action against the Plaintiff in the Porter County, Indiana, Superior Court under Cause

---

[1] The dockets for the bankruptcy proceedings and the state foreclosure action are attached to co-Defendant Chicago Title's Motion to Dismiss. *See* ECF Nos. 56-1, 56-2, 56-5, 56-7.

Number 64D01-1607-MF-006106. *See* ECF No. 56-1. On December 14, 2017, the state court entered a foreclosure judgment in favor of DeMotte in the amount of $414,333.43. *See id.*; *see also* Compl. ¶ 12. On March 13, 2019, DeMotte purchased the Subject Property at a sheriff's sale. Compl. ¶ 13. On April 9, 2019, the state court entered an order evicting the Plaintiff from the Subject Property. *Id.* at ¶ 14.

On May 3, 2019, the Plaintiff filed her pro se Complaint [ECF No. 1] with no exhibits attached, bringing four counts against DeMotte and alleging the following facts. In Count 1, the Plaintiff alleges a violation of 12 C.F.R. § 1024.36, which addresses consumer requests for information under the Real Estate Settlement Procedures Act (RESPA). Compl. 4. By 2016, the Plaintiff had paid DeMotte over $170,000 on the loan (including $51,000 during the course of the bankruptcy proceedings). *Id.* at ¶¶ 9, 20. On February 2, 2016, DeMotte issued a loan payoff statement to Chicago Title claiming the unpaid principal balance on the loan was "net proceeds" when the payoff should have been less than $25,000. *Id*. at ¶¶ 10, 21. As of the date of the Complaint, DeMotte had failed to provide an accounting of funds paid toward the loan, despite multiple requests by the Plaintiff. *Id.* at ¶¶ 11, 22. On April 4, 2019, the Plaintiff sent a written correspondence to DeMotte, constituting a qualified written request (QWR), to obtain a proper accounting of funds paid toward the loan. *Id.* at ¶¶ 15, 23. In the Complaint, the Plaintiff alleged, "To date, Demotte has failed to respond [to] the QWR." *Id.* The Plaintiff requested full payment ledgers regarding funds paid toward the loan, and DeMotte failed to provide the ledgers. *Id.* at ¶¶ 16, 24. The Plaintiff alleges that, as a result of DeMotte's actions, she was wrongfully assessed an improper balance, penalties, and fees. *Id*. at ¶ 25. She also alleges that DeMotte's "wrongful foreclosure has caused the Subject Property to unjustifiably lose valuable equity." *Id*.

In Count 2, the Plaintiff again alleges a violation of RESPA, 12 U.S.C. § 2605(e), based on DeMotte's failure "to respond in a proper and timely way" to the Plaintiff's April 4, 2019 QWR. *Id.* at ¶¶ 26–32.

3

In Count 3, the Plaintiff brings an Indiana state law claim of fraud. The Plaintiff alleges that DeMotte knowingly made affirmative misrepresentations by issuing the February 2, 2016 loan payoff statement to Chicago Title that showed the unpaid principal balance on the loan was "net proceeds" when the payoff should have been less than $25,000. *Id.* at ¶¶ 37–38. Count 4 is brought under Indiana's Deceptive Consumer Sales Act, Indiana Code § 24-5-0.5-1, and alleges that DeMotte made misrepresentations and deceptive omissions of material fact related to the February 2, 2016 loan payoff statement and the Plaintiff's repayment of the loan. *Id.* at ¶ 45.

On June 27, 2019, DeMotte filed a Motion to Dismiss [ECF No. 16] the Complaint. Following several motions and rulings, on May 27, 2020, the Plaintiff's Second Amended Complaint [ECF No. 49], was filed with no relevant substantive changes and again with no exhibits. DeMotte's original motion to dismiss was denied without prejudice and with leave to refile. *See* ECF No. 41. On June 10, 2020, DeMotte State Bank filed the instant Motion to Dismiss [ECF No. 52], which is fully briefed and ripe for ruling.

## ANALYSIS

### A.     Counts 1 and 2—Federal RESPA Claims

*1.     Statute of Limitations Defense*

In Count 1, the Plaintiff alleges a violation of 12 C.F.R. § 1024.36, which addresses consumer requests for information under RESPA, 12 U.S.C. § 2605(e). Count 2 alleges a violation of § 2605(e) based on the same conduct. An action brought under § 2605 must be brought "within three years . . . from the date of the occurrence of the violation." 12 U.S.C. § 2614. DeMotte seeks dismissal of Counts 1 and 2 as untimely, arguing that the claims were filed outside the three-year statute of limitations for actions brought under RESPA.

A motion to dismiss based on a statute of limitations defense qualifies as a motion to dismiss for failure to state a claim. *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (citing *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005)). "Dismissing a complaint as untimely at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative

4

defenses, such as the statute of limitations." *Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) (citation omitted). Nevertheless, a court may dismiss a complaint based on a statute of limitations defense when "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id*. (citations and internal quotation marks omitted).

First, DeMotte argues that any claim based on the February 2, 2016 loan payoff statement DeMotte provided to Chicago Title is barred because the Complaint was not filed until May 3, 2019, more than three years later. The Complaint describes the loan payoff statement as "claiming the unpaid balance on the Loan was 'net proceeds,' when in actuality, the payoff should have been less than $25,000." Compl. ¶ 21.[2] In response, the Plaintiff invokes the Indiana state law "discovery rule," asserting that she only recently discovered the existence of her claims against DeMotte. *See, e.g.*, *Cooper Indus., LLC v. City of South Bend*, 899 N.E.2d 1274, 1280 (Ind. 2009) ("Under Indiana's discovery rule, a cause of action accrues, and the limitation period begins to run, when a claimant knows or in the exercise of ordinary diligence should have known of the injury."). While Indiana's discovery rule is not applicable to RESPA claims, some courts in this district have found that the doctrines of equitable tolling and equitable estoppel may apply to RESPA claims. *See Obiefuna v. Hypotec, Inc.*, 451 F. Supp. 3d 928, 940, 942 n.4 (S.D. Ind. 2020) (recognizing that the parties appeared "to agree the RESPA claims are generally not subject to the discovery rule" but then considering the doctrines of equitable tolling and equitable estoppel); *see also Baker v. Wells Fargo Bank, N.A.*, No. 11 C 5420, 2012 WL 1886444, at *3 (N.D. Ill. May 23, 2012); *Thomas v. Ocwen Fed. Bank FSB*, No. 01 C 4249, 2002 WL 99737, at *3 (N.D. Ill. Jan. 25, 2002). In this case, whether the limitations period is subject to equitable

---

[2] In its reply brief, DeMotte suggests, with no citation to evidence, that the February 2, 2016 loan payoff statement may actually be related to a different property—a "Former Residence"—held in The Lynch Family Trust. DeMotte Reply 2, ECF No. 70. Although this loan payoff statement is referenced in the Complaint, neither the Plaintiff nor DeMotte has attached the document. As a result, the Court disregards these unsupported assertions but also notes that these facts are not necessary to resolve the motion.

tolling or equitable estoppel requires factual determinations not properly resolved at this stage of the proceedings. *See Abbott Lab'ys*, 782 F.3d at 928–29. Thus, the Court denies the motion based on the statute of limitations. Regardless, as set forth in the following section, the Plaintiff has not alleged any facts related to the February 2, 2016 loan payoff statement that would state a claim for relief against DeMotte separate from her RESPA claims based on the April 4, 2019 QWR.

Second, DeMotte also asserts the three-year statute of limitations as to the RESPA claims based on DeMotte's alleged failure to timely respond to the Plaintiff's April 4, 2019 QWR. However, the Complaint was filed less than 30 days later on May 3, 2019, and, thus, the claims based on the April 4, 2019 QWR are not barred by the statute of limitations.

2.  *Failure to State a Claim*

The Plaintiff's legal claims under RESPA in both Counts 1 and 2 are based on a QWR that the Plaintiff sent to DeMotte on April 4, 2019, "in an attempt to obtain a proper accounting of the funds paid toward the Mortgage." Compl. ¶¶ 15, 23, 29. In the original Complaint filed on May 3, 2019, she alleged: "To date, DeMotte has failed to respond [to] the QWR." *Id.* She made the identical allegations in the Second Amended Complaint filed on May 27, 2020. *See* Second Am. Compl. ¶¶ 15, 23, 29. In Count 1, the Plaintiff alleges that DeMotte's failure to respond is a violation of 12 C.F.R. § 1024.36—the implementing regulation for 12 U.S.C. § 2605(e). In Count 2, the Plaintiff alleges that DeMotte's failure to respond to her QWR is a violation of § 2605(e). *Id.* at ¶ 31. The Plaintiff has not identified any other claim under RESPA based on the facts alleged in the Complaint. Therefore, the Court considers Counts 1 and 2 together.

RESPA provides that, "[i]f any servicer of a federally related mortgage loan receives a qualified written request from the borrower . . . for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 5 days," 12 U.S.C. § 2605(e)(1)(A), and must respond to the request within "30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt" of the QWR, *id.* § 2605(e)(2); *see also* 12 C.F.R. § 1024.36(d)(2)(i)(B). The regulation further allows for "an

6

additional 15 days (excluding legal public holidays, Saturdays, and Sundays)" with written notice to the borrower. 12 C.F.R. § 1024.36(d)(2)(ii). The statute grants a private right of action to a borrower who is injured by a violation of the statute's provisions. *See* 12 U.S.C. § 2605(f).

DeMotte argues in its opening brief that the claim was not ripe when the Complaint was filed on May 3, 2019, because DeMotte's deadline to respond to the QWR had not yet passed. Indeed, only twenty-one business days had passed from the Plaintiff's April 4, 2019 QWR until the filing of the Complaint. DeMotte also represents that it provided a response to the QWR on April 24, 2019, providing 346 pages of documents. In her response brief, the Plaintiff acknowledges that DeMotte provided a response and, thus, is no longer asserting that DeMotte failed to respond to the QWR. Instead, she now appears to contest the sufficiency of the response: "However, DeMotte fails to acknowledge that even after the action was filed, it has yet to provide a *complete* response to Plaintiff's QWR." Pl. Resp. 4, ECF No. 61 (emphasis added). The Plaintiff argues that, because the response is incomplete, the RESPA claim should survive.

First, this appears to be a new claim that was not raised in either the original Complaint or the Second Amended Complaint. *See Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) ("[F]acts alleged by a plaintiff in a brief in opposition to a motion to dismiss 'may be considered when evaluating the sufficiency of a complaint so long as they are consistent [with] the allegations in the complaint.'" (citation omitted)). Because she sent DeMotte the QWR and because she received DeMotte's allegedly incomplete response, the Plaintiff had within her knowledge and possession all the facts necessary to plausibly state such a claim when she filed the Second Amended Complaint on May 27, 2020, which was more than a year after both DeMotte's response to the QWR and the original Complaint. Yet, the Second Amended Complaint alleges no facts to plausibly state a claim that DeMotte's response to the QWR was incomplete, such as what information she requested in the April 4, 2019 QWR that DeMotte failed to provide. Second, the Plaintiff's response brief on the instant motion still does not identify any facts to support such a claim; thus, the Plaintiff has not identified a basis for

7

granting leave to amend her complaint to bring a new claim. Accordingly, the Court grants the motion to dismiss the RESPA claims in Counts 1 and 2 for failure to state a claim.

Finally, DeMotte argues, and the Court agrees, that the Plaintiff has not alleged facts to state any other claim under RESPA. Other than the alleged violation of § 2605(e), the Plaintiff's response brief does not identify any claim under the statute based on the facts alleged. As DeMotte notes in its motion, certain allegations of the Complaint suggest that the Plaintiff may be seeking relief for wrongful foreclosure under the guise of her RESPA claim. For example, the Plaintiff alleges that "DeMotte's wrongful foreclosure has caused the Subject Property to unjustifiably lose valuable equity in an amount to be determined," Second Am. Compl. ¶¶ 25, 41, 48, and the prayer for relief asks the Court to "enjoin[] Defendants from engaging in any foreclosure activity with respect to Subject Property," *id.* at 12. Yet, the Plaintiff's response brief does not indicate that she is pursuing a claim of wrongful foreclosure. In any event, a RESPA claim does not "affect the validity or enforceability of any . . . loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan." 12 U.S.C. § 2615. To the extent the Plaintiff may be alleging that the foreclosure judgment was in error because of alleged fraud perpetrated by DeMotte, her "remedies lie in the Indiana courts." *Mains v. Citibank, N.A.*, 852 F.3d 669, 676 (7th Cir. 2017) ("Indiana allows a party to file for relief from judgment based on . . . the fraud or misrepresentation of an adverse party, either through a motion or through an independent action. The state's courts are quite capable of protecting their own integrity." (citing Ind. R. Tr. P. 60(B))).[3]

---

[3] The Court recognizes that any request by the Plaintiff to declare the foreclosure wrongful or to set aside the foreclosure judgment would be barred by the *Rooker-Feldman* doctrine, as any such request would be tantamount to asking the Court to vacate the state court judgment. *See Mains*, 852 F.3d at 675–76 ("The *Rooker-Feldman* doctrine prevents lower federal courts from exercising jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced.").

B.     **Counts 3 and 4—Indiana State Law Claims**

"When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to [28 U.S.C.] § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). While the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction and dismiss the state-law claims without prejudice." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)). "The presumption is rebuttable, but it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co., Inc.*, 672 F.3d at 479 (quotation marks and citation omitted). As the Court has not engaged in any meaningful review of the state law claims against DeMotte and has not otherwise committed substantial judicial resources to them, declining to exercise jurisdiction over those claims is proper in this instance.[4]

C.     **Request to Amend and Dismissal with Prejudice**

Finally, the Plaintiff generally requests leave to file an amended pleading to address any deficiencies in light of her pro se status. Although Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely grant leave to amend a pleading "when justice so requires," Fed. R. Civ. P. 15(a)(2), district courts "have 'broad discretion' to deny leave to amend, 'where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue

---

[4] 28 U.S.C. § 1367(d) stops the limitations period for a state law claim while the claim is pending in federal court and for 30 days after dismissal of the claim, unless state law provides for a longer tolling period. *See Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018). The Indiana Journey's Account Statute "allow[s] the plaintiff enough time to refile the same action in the correct forum." *Cox v. Am. Aggregates Corp.*, 684 N.E.2d 193, 195 (Ind. 1997) (citing the statute now codified at Indiana Code § 34-11-8-1).

Because the Court is dismissing the federal claims under Rule 12(b)(6) and relinquishing jurisdiction over the state law claims, the Court declines to consider DeMotte's alternative argument for dismissal based on failure to prosecute under Federal Rule of Civil Procedure 41(b).

prejudice to the defendants, or where the amendment would be futile,'" *Huon v. Denton*, 841 F.3d 733, 745 (7th Cir. 2016) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)). The Court has already afforded the Plaintiff two opportunities to file an amended complaint after DeMotte filed its original motion to dismiss for failure to state a claim. Yet, the Plaintiff did not cure the deficiencies related to her RESPA claims. The Plaintiff states that she "is easily capable of amending [her] Complaint to remedy any deficiencies identified by the Court," Pl. Resp. 7, but she does not offer any facts in her response to show that she would be able to cure the deficiencies. Because any amendment would be futile, the Court denies the request for leave to amend and finds that dismissal with prejudice of the federal claims brought under RESPA in Counts 1 and 2 is proper. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing.").

## CONCLUSION

Accordingly, the Court hereby GRANTS in part and DENIES in part Defendant DeMotte State Bank's Motion to Dismiss Second Amended Complaint [ECF No. 52]. The Court DISMISSES with prejudice the federal claims in Counts 1 and 2 of the Second Amended Complaint against Defendant DeMotte State Bank.

The Court DECLINES to exercise supplemental jurisdiction over the Plaintiff's state law claims in Counts 3 and 4 against Defendant DeMotte State Bank and DISMISSES those claims without prejudice.

SO ORDERED on September 19, 2022.

    s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT